UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK ALLEN GILLETTE,

    Plaintiff,

v.

MARY LOU GILLETTE, HON. SAMANTHA BASTIL, DORA CHAPPA, and CHRISTINE KOENIG,

    Defendants.

Case No. 23-CV-767-JPS

**ORDER**

---

1. **INTRODUCTION**

On June 13, 2023, Plaintiff Patrick Allen Gillette ("Plaintiff") filed a pro se complaint against Defendants Mary Lou Gillette, the Honorable Judge Samantha Bastil, Dora Chappa, and Christine Koenig ("Defendants"). ECF No. 1. Plaintiff also filed a motion to proceed in forma pauperis. ECF No. 2. That motion, and the screening of Plaintiff's pro se complaint, are now before the Court. For the reasons discussed herein, the Court will deny the motion for leave to proceed in forma pauperis and will dismiss the action.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is unemployed, has no dependents, and incurs over a thousand dollars a month in expenses associated with, *inter alia*, housing, utilities, and credit card payments. ECF No. 2 at 1–2. However, Plaintiff also attests to receiving $2,033.00 per month in "Social Security (Retirement) benefit" which amounts to $1,316.00 per month after application of a monthly garnishment in the amount of $717.00, and to having $18,306.80 in "a checking or savings account." *Id*. He also owns a 2002 vehicle valued at approximately $4,000. *Id*. at 2. Based on this information, the Court cannot conclude that Plaintiff is among those impoverished litigants to whom in forma pauperis status should be afforded.

3.   **SCREENING**

   3.1   **Standards**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on

an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). Shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). *See also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at *26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial

allegations are grounds for dismissal.") (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2    Plaintiff's Allegations

Plaintiff seeks to challenge the child support garnishment of his Social Security benefits. ECF No. 1 at 5. He seeks the return of the amounts of his benefits already garnished, as well as an injunction preventing further garnishment. *Id*. To that end, Plaintiff attempts to sue a state circuit court judge, the Supervisor of the Sheboygan County Child Support Agency, an employee of the Sheboygan County Clerk of Court, and an individual named Mary Lou Gillette, whom the Court assumes is Plaintiff's former partner. *Id*. at 2.

### 3.3 Analysis

Plaintiff's action is barred by the *Rooker-Feldman* doctrine and must therefore be dismissed. The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). "It is settled that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Accordingly, the doctrine prohibits federal jurisdiction over claims that are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *see also Ritter*, 992 F.2d at 754 ("Plaintiffs who lose in state court may not recast their claims in federal court under the guise of federal constitutional claims . . . if the constitutional claims are inextricably intertwined with the merits of the state court judgment.") (quotations omitted). While there is "no bright line" to separate those federal claims that are "inextricably intertwined" with state claims from those that are not, the Seventh Circuit teaches that the key question is whether "the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Ritter*, 992 F.2d at 754; *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996).

Plaintiff, in essence, attempts to challenge here the state court's imposition of child support responsibilities against him. This the Court will not entertain. *See, e.g., Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019)

(upholding dismissal under *Rooker-Feldman* where federal case challenged state court rulings on "attempts in state-court litigation to modify [] child-support obligations"); *Johnson v. Lockyer*, 115 F. App'x 895, 896–97 (7th Cir. 2004) ("The district court rightly observed that Johnson's core grievance is really about the validity of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the *Rooker–Feldman* doctrine . . . . the registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court."); *Bowes-N. v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022).

Even if *Rooker-Feldman* did not apply, another jurisdictional defect is present. "[T]he domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" *Syph*, 772 F. App'x at 357 (quoting *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006)). The Seventh Circuit applies the domestic-relations exception to cases where a plaintiff seeks relief "associated with . . . a decree of . . . child support." *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." *Syph*, 772 F. App'x at 357 (citing *Sykes v. Cook Cnty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)). Plaintiff's suit "falls squarely within the domestic-relations exception." *Id.*; *see also Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018) (claims challenging "action taken by the court and its officers in the course of adjudicating" a state domestic relations case, versus claims regarding "outside actors," support application of domestic-relations exception to federal jurisdiction).

The Court is similarly obligated to deny Plaintiff's request for an "emergency . . . injunction." ECF No. 4. Plaintiff seeks an expedited injunction to order those effectuating the garnishment to "cease and desist." *Id*.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015) (citing *Goodman v. Ill. Dep't of Fin. and Prof'l Regul.*, 430 F.3d 432, 437 (7th Cir. 2005)). In the Seventh Circuit, "a district court engages in a two-step analysis to decide whether such relief is warranted." *Id*. (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085–86 (7th Cir. 2008)). "In the first phase, the party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Id*. (quoting *Girl Scouts*, 549 F.3d at 1086).

Plaintiff's case does not surpass the first phase of the analysis. His case has no "reasonable likelihood of success on the merits," *id*., because it is indisputably barred by *Rooker-Feldman* and the domestic-relations exception. Accordingly, the Court will deny the request for an injunction.

4. **CONCLUSION**

For the reasons stated herein, the Court will deny both Plaintiff's motion to proceed in forma pauperis and his motion for an emergency injunction, and it will dismiss the action without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's request for an emergency injunction, ECF No. 4, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge